UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEOPOLD CARDENAS,<br><br>                    Plaintiff,<br><br>     v.<br><br>MAGGIE MILLER-STOUT, et al.,<br><br>                    Defendants. | NO: 11-CV-5117-TOR<br><br>ORDER DENYING MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss and Stay Discovery (ECF No. 31). This matter was heard without oral argument on July 10, 2012. The Court has reviewed the motion, the response, and the reply, and is fully informed.

BACKGROUND

Plaintiff, a prisoner in the custody of the Washington Department of Corrections ("DOC") has sued Defendants under 42 U.S.C. § 1983 for allegedly initiating unfounded disciplinary charges against him in retaliation for his litigation

ORDER DENYING MOTION TO DISMISS ~ 1

activities. Defendants have moved to dismiss Plaintiff's claim as time-barred under Washington's three-year statute of limitations for § 1983 claims.

FACTS

On April 3, 2006, Plaintiff Leopold Cardenas ("Cardenas") was charged with fighting with another prisoner ("WAC 505 infraction") while housed at the Airway Heights Corrections Center in Airway Heights, Washington. On April 7, 2006, Defendant A.G. held a hearing on the charge and found Cardenas guilty of the infraction. As punishment, Cardenas was placed in a segregated cell for 23 days and docked 30 days' good behavior time.

Cardenas subsequently appealed the hearing officer's decision to Defendant Miller-Stout ("Miller-Stout"). The basis for this appeal was that Defendant A.G. and others had prevented Cardenas from presenting a potentially exculpatory video recording of the alleged fight during the hearing. Miller-Stout denied the appeal on April 13, 2006.

On November 19, 2007, Cardenas filed a Personal Restraint Petition in the Washington State Court of Appeals, Division 3, challenging his infraction and punishment. The Washington Attorney General's Office filed a response on January 30, 2008, which indicated, in relevant part:

> The DOC has determined that it will expunge the disciplinary infractions challenged by Petitioner [Cardenas] pursuant to the authority granted in WAC 137-28-380(3). The DOC has adjusted Petitioner's prison records to

> reflect the results of the expungement and has restored lost good time credits.
>
> * * *
>
> This action by the DOC renders moot Petitioner's challenge to his prior disciplinary hearing and sanctions.
>
> * * *
>
> Additionally, the Respondent intends to rehear this infraction . . .

ECF No. 12 at ¶ 17.

On June 3, 2008, the Court of Appeals entered an order dismissing Cardenas' Personal Restraint Petition as moot. ECF No. 36-1 at 5. In this order, the Court acknowledged that the DOC's decision to expunge the challenged infraction and rehear the matter had deprived the court of jurisdiction. On October 2, 2008, the Court issued a Certificate of Finality, which formally terminated the case. ECF No. 35 at 7.

Prison officials held a rehearing on the charges on September 23, 2008. At the conclusion of this hearing, the charges against Cardenas were officially dismissed. ECF No. 35 at 9.

Cardenas instituted this lawsuit by filing his original Complaint on July 29, 2011. ECF No. 1. He later filed a First Amended Complaint on December 2, 2011, and a Second Amended Complaint on January 10, 2012. ECF Nos. 10, 12.

//

ORDER DENYING MOTION TO DISMISS ~ 3

DISCUSSION

Defendants have moved to dismiss this case on the ground that Cardenas failed to file his Complaint within the three-year statute of limitations applicable to a § 1983 claim in the State of Washington. The dispositive issue for purposes of this motion is when Cardenas's claim accrued. Defendants argue that the claim accrued on January 30, 2008, when the DOC informed the Washington State Court of Appeals that it would expunge the challenged WAC 505 infraction and grant Cardenas a new hearing. Cardenas counters that his claim did not accrue until October 2, 2008, when the Court of Appeals issued its Certificate of Finality formally dismissing his Personal Restraint Petition. In the alternative, Cardenas argues that the statute of limitations on his claim was tolled until the DOC "formally dismissed" the charges against him on September 23, 2008.

For the reasons discussed below, the Court cannot yet determine the date on which Cardenas's § 1983 claim accrued. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a challenge to a conviction or sentence under § 1983 accrues when "the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." On the record presently before it, however, the Court cannot ascertain the precise date on which Cardenas's WAC 505 infraction was officially expunged by the DOC. Accordingly, Defendants' motion will be denied with leave to renew.

A. Statute of Limitations Under *Heck*

In *Heck v. Humphrey*, the Supreme Court held that a constitutional challenge to a conviction or sentence is not cognizable under § 1983 "unless and until" the conviction or sentence has been invalidated. 512 U.S. at 486-87, 489. Specifically, the Court ruled:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove **that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.** A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (bold emphasis added) (internal citation and footnote omitted). Thus, under *Heck*, a court must dismiss a § 1983 claim which, if successful, "would necessarily imply the invalidity" of the plaintiff's underlying conviction or sentence. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

The obvious corollary of this bar on § 1983 claims is that a plaintiff *may* challenge the legality of his or her conviction or sentence under § 1983 *after* the conviction or sentence has been reversed, expunged, or otherwise declared invalid. *Heck*, 512 U.S. at 489 (holding that a plaintiff seeking to challenge a conviction "has no cause of action under § 1983 unless and until the conviction is reversed, expunged, [or] invalidated"). By logical extension, the statute of limitations on

ORDER DENYING MOTION TO DISMISS ~ 5

such a claim does not begin to run (*i.e.*, does not accrue) *until* the sentence or conviction has been reversed, expunged, or otherwise declared invalid:

> Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id.* at 489-90 (internal citation and footnote omitted).

As noted above, the dispositive question for purposes of the instant motion is when Cardenas's § 1983 claim accrued. Applying the accrual rule announced in *Heck*, Cardenas's claim accrued when the DOC officially expunged the WAC 505 infraction which Cardenas challenged in the Court of Appeals. Contrary to both parties' assertions, the dates on which certain documents were filed in the Court of Appeals are not especially relevant. Rather, the only relevant date for purposes of the statute of limitations analysis is the date on which the DOC took administrative action to expunge Cardenas's WAC 505 infraction pursuant to WAC 137-28-380(3).[1]

---

[1] For purposes of this motion, the Court will accept the DOC's representation to the Court of Appeals that the infraction was "expunge[d]." ECF No. 12 at ¶ 17. The court notes that the DOC's authority under the regulation cited in its brief was limited to "affirm[ing] the decision of the hearing officer; reduc[ing] the charge to a lesser included offense; reduc[ing] a #728 serious infraction to a #328 general

At this juncture, however, the record is insufficiently developed for the Court to ascertain the precise date on which the DOC actually "expunged" the WAC 505 infraction. The DOC's filing in the Court of Appeals sheds little light on the matter, as it does not reference a date certain on which the expungement would take effect. Moreover, the filing simultaneously implies that the infraction would be expunged in the future and that it had already been expunged:

> The DOC has determined that *it will* expunge the disciplinary infractions challenged by Petitioner pursuant to the authority granted in WAC 137-28-380(3). The DOC has adjusted Petitioner's prison records *to reflect the results of the expungement* and has restored lost good time credits.

ECF No. 12 at ¶ 17 (emphasis added).

For similar reasons, the Court declines to treat the DOC's January 30th response to Cardenas's Personal Restraint Petition as a formal reversal, expungement or invalidation of the WAC 505 infraction. As Defendants appropriately concede, this filing was not a formal pronouncement that the challenged infraction had been declared invalid; rather, it was merely an

---

infraction based upon mitigating factors; reduc[ing] the severity of the sanctions imposed; vacat[ing] the judgment of the hearing officer; **or** remand[ing] the matter for a new hearing." WAC 137-28-380(3) (emphasis added). Whether the DOC was authorized to vacate the infraction *and* remand the matter for a new hearing is a question for another day.

ORDER DENYING MOTION TO DISMISS ~ 7

acknowledgement that the DOC intended to grant Cardenas the relief he sought in the Court of Appeals, thereby rendering his Personal Restraint Petition moot. The court finds that Cardenas could not have used this mere concession by the DOC as evidence that the infraction "ha[d] been reversed on direct appeal, expunged by executive order, [or] declared invalid by a state tribunal authorized to make such determination." *Heck*, 512 U.S. at 487. Accordingly, this filing did not trigger the running of the statute of limitations on Cardenas's § 1983 claim.

Finally, the Court concludes that Defendants' reliance upon the Court of Appeals' June 3, 2008 order dismissing Cardenas's Personal Restraint Petition as moot is misplaced. First, this order was not a decision on the merits overturning the challenged infraction. Rather, this order (in conjunction with the Certificate of Finality issued on October 2, 2008) was simply a formal acknowledgement that the Court of Appeals would no longer exercise jurisdiction over the case. Accordingly, the dismissal of Cardenas's case cannot be properly construed as a reversal of the infraction on direct appeal or a declaration by a state tribunal that the infraction had been invalidated. *See Heck*, 512 U.S. at 487.

Second, even assuming *arguendo* that the June 3, 2008 order of dismissal amounted to a declaration by a state tribunal that the WAC 505 infraction had been invalidated, there is no basis for dismissing Cardenas's claim as untimely. Because Cardenas filed a tort claim with the State of Washington prior to filing the

ORDER DENYING MOTION TO DISMISS ~ 8

1  instant lawsuit (*see* ECF No. 12 at ¶ 18), the statute of limitations on his claim was
2  tolled for a period of sixty (60) days.  RCW 4.92.110.  Thus, even *if* Cardenas's
3  claim accrued when his Personal Restraint Petition was formally dismissed on June
4  3, 2008, the statute of limitations on the claim did not run until September 2, 2011.
5  Thus, accounting for the sixty-day tolling period, Cardenas's filing of the instant
6  lawsuit on July 29, 2011 would have been timely.

7      **B.  Effect of Continued Pendency of Charges**

8          Cardenas argues in the alternative that the statute of limitations on his
9  § 1983 claim was tolled until the DOC "formally dismissed" the charges against
10 him on September 23, 2008.  This argument is foreclosed by the Supreme Court's
11 decision in *Wallace v. Kato*, 549 U.S. 384 (2007).  In *Wallace*, the Court held that
12 the pendency of criminal charges does not toll a claim for damages arising from a
13 *potential* conviction (followed by a *potential* reversal) on those charges.  *See*
14 *Wallace*, 549 U.S. at 393 (rejecting argument that "an action which would impugn
15 *an anticipated future conviction* cannot be brought until that conviction occurs and
16 is set aside").  Assuming that the DOC did in fact expunge Cardenas's WAC 505
17 infraction and conduct a plenary rehearing on the charges (*see* footnote 1, *supra*),
18 Cardenas faced nothing more than a *potential* finding of guilt following the
19 expungement.  Accordingly, the statute of limitations on Cardenas's § 1983 claim
20 was not tolled from the date on which the infraction was expunged (which, as

explained above, has yet to be determined) until the charges were "formally dismissed" on September 23, 2008. *Wallace*, 549 U.S. at 396.

**C. Stay of Discovery**

Defendants have moved to stay discovery pending resolution of their motion to dismiss. *See* ECF No. 32 at 10-11. In light of the Court's rulings above, a stay of discovery in this case is inappropriate. Indeed, additional discovery appears necessary to resolve lingering questions about the date on which the DOC took administrative action to expunge Cardenas's WAC 505 infraction. Accordingly, Defendants' motion to stay is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss and Stay Discovery (ECF No. 31) is **DENIED** with leave to renew.

The District Court Executive is hereby directed to enter this Order and provide copies to the parties.

**DATED** this 12th day of July, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO DISMISS ~ 10