UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEOPOLD CARDENAS,<br><br>                    Plaintiff,<br><br>        v.<br><br>MAGGIE MILLER-STOUT, et al.,<br><br>                    Defendants. | NO:  11-CV-5117-TOR<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS |

BEFORE THE COURT are Defendants' Second Motion to Dismiss (ECF No. 41) and Defendants' Motion to Strike Exhibits (ECF No. 49).[1]  These matters were heard without oral argument on November 19, 2012.  The Court has reviewed the motions, the response, and the reply, and is fully informed.

//

//

---

[1] Defendants' motion to strike was incorporated into their reply memorandum rather than filed as a separate motion.

ORDER GRANTING MOTION TO DISMISS ~ 1

PROCEDURAL HISTORY

Defendants filed a motion to dismiss Plaintiff's claims as time-barred on May 22, 2012.  ECF No. 31.  The Court denied the motion on July 12, 2012, finding that the parties had failed to establish the precise date on which Plaintiff's WAC 505 infraction was expunged.  ECF No. 37.  By leave granted in the July 12 Order, Defendants filed a second motion to dismiss on September 24, 2012.  In support of this motion, Defendants submitted documents filed in the Washington Court of Appeals which establish that (1) the WAC 505 infraction was officially expunged no later than January 25, 2008; and (2) Plaintiff received notice of the official expungement on February 6, 2008.  In light of this new information, the Court will grant Defendants' motion to dismiss.

FACTS[2]

Plaintiff was charged with a WAC 505 infraction on April 3, 2006, while housed at the Airway Heights Corrections Center.  He was found guilty of the offense during a hearing on April 7, 2006.  As a result of this conviction, prison

---

[2] The following is a summary of the facts most relevant to the instant motions.  The Court's July 12, 2012 Order Denying Defendants' Motion to Dismiss (ECF No. 37) contains a more detailed statement of facts.  Those facts are incorporated herein by reference.

ORDER GRANTING MOTION TO DISMISS ~ 2

1    officials subtracted 30 days of good behavior time from Plaintiff's accrued

2    balance.

3         Plaintiff appealed the conviction administratively and later to the

4    Washington Court of Appeals.  While the latter appeal was pending, prison

5    officials decided to reverse Plaintiff's conviction, restore Plaintiff's good time

6    credits, and re-hear the case.  Consequently, the Washington Attorney General's

7    Office ("AGO") moved to dismiss the pending appeal as moot.  ECF No. 42-1 at 5-

8    7.  In support its motion to dismiss, the AGO submitted sworn declarations from

9    two prison officials dated January 25, 2008.  These declarations indicated that

10   Plaintiff's conviction had been officially expunged and that Plaintiff's good time

11   credits had been restored.  ECF No. 42-1 at 10, 12.  Plaintiff received these

12   documents on February 6, 2008.  ECF No. 42-1 at 14.  The Court of Appeals

13   subsequently dismissed the appeal on June 3, 2008.

14        Prison officials conducted a de novo hearing on the WAC 505 infraction on

15   September 23, 2008.  This hearing resulted in the charges against Plaintiff being

16   dismissed.  Plaintiff filed the instant lawsuit on July 29, 2011, alleging that the

17   WAC 505 violation was the result of unlawful retaliation by prison officials.

18                                DISCUSSION

19        Defendants have renewed their prior motion to dismiss Plaintiff's 42 U.S.C.

20   § 1983 claims as time-barred under Washington's three-year statute of limitations.

ORDER GRANTING MOTION TO DISMISS ~ 3

As the Court noted in denying Defendants' prior motion, the only relevant date for purposes of the statute of limitations analysis is the date on which Plaintiff's WAC 505 infraction was officially expunged by the Washington Department of Corrections.  ECF No. 37 at 6.  If the infraction was expunged prior to July 29, 2008, then Plaintiff's claims are time-barred; if the infraction was expunged on or after that date, then Plaintiff's claims are timely.[3]

**A. Due Process Claim Against Defendants Grimes and A.G.**

The new materials submitted by Defendants conclusively establish that Plaintiff's infraction was officially expunged no later than January 25, 2008.  ECF

---

[3] This date is three years prior to July 29, 2011, the date on which Plaintiff filed this lawsuit.  *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (holding that three-year statute of limitations applies to § 1983 claims in Washington).  The sixty-day tolling provision in RCW 4.92.110, which the Court erroneously referenced in its prior Order (ECF No. 37 at 8-9) does not apply.  *Bd. of Regents of Univ. of State of New York v. Tomanio*, 446 U.S. 478, 485-86 (holding that state statute of limitation rules and tolling provisions apply unless inconsistent with federal law); *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989) (holding that "the Washington notice of claims statute [RCW 4.92.110] does not apply to Section 1983 claims brought in federal court").

ORDER GRANTING MOTION TO DISMISS ~ 4

No. 42-1 at 10, 12.  These materials further establish that Plaintiff received notice

of the official expungement on February 6, 2008.[4]  ECF No. 42-1 at 14.  Thus, the

Court finds that the statute of limitations on Plaintiff's due process claim began to

run no later than February 6, 2008.  Accordingly, the statute of limitations on this

claim expired on February 6, 2011.  Because Plaintiff did not file his complaint

until July 29, 2011, Defendants' motion to dismiss must be granted as to Plaintiff's

due process claim.

**B. Retaliation Claim Against Defendant Miller-Stout**

Plaintiff's retaliation claim is based on allegations that Defendant Miller-

Stout denied an administrative recommendation that Plaintiff be awarded 120 days

of previously-forfeited good time credit upon learning that Plaintiff had been found

guilty of the WAC 505 infraction.  Pl.'s Second Am. Compl., ECF No. 12, at ¶¶ 7-

12.  In responding to the instant motion, Plaintiff argues that this claim remains

barred by *Heck* because prison officials never awarded him the 120 days of lost

time after the WAC 505 infraction was formally dismissed.  ECF No. 48 at 3, 5-6.

---

[4] The Court takes judicial notice of these documents, which were filed in the

Washington Court of Appeals during the pendency of Plaintiff's appeal of his

WAC 505 infraction.  Fed. R. Evid. 201.

ORDER GRANTING MOTION TO DISMISS ~ 5

1    Thus, in Plaintiff's view, the statute of limitations on this claim has still not

2    accrued, let alone expired.

3          This argument fails for the simple reason that the *loss* of the 120 days at

4    issue was unrelated to the WAC 505 infraction.  Plaintiff forfeited these 120 days

5    long before he was charged with the WAC 505 infraction, presumably as a result

6    of infractions committed many months earlier.  Although prison officials were

7    apparently willing to restore this time to Plaintiff as a reward for good behavior

8    prior to the alleged infraction, they were by no means "obligated" to do so.  *See*

9    ECF No. 48 at 5-6 ("Defendants do not dispute that they have never restored the

10   120 days which they were obligated to restore[] at Cardenas' February 23, 2006

11   Classification Hearing had they not falsely accused him of the WAC 505

12   violation[.]").  Thus, the fact that prison officials changed their minds after

13   Plaintiff was found guilty of the WAC 505 infraction is irrelevant.  Because the

14   initial *loss* of the 120 days was entirely unrelated to the WAC 505 infraction, a

15   judgment in Plaintiff's favor on this claim would not "necessarily imply the

16   invalidity" of the WAC 505 infraction.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82

17   (2005) (holding that § 1983 challenge to procedures used to determine suitability

18   for parole was not barred under *Heck* because successful claim would not result in

19   speedier release; at most, prisoner would simply receive a new parole hearing).

20   Accordingly, Plaintiff's retaliation claim is not (and never was) barred by *Heck*,

ORDER GRANTING MOTION TO DISMISS ~ 6

and the statute of limitations has long since expired.  Defendants' motion to dismiss is therefore granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Second Motion to Dismiss (ECF No. 41) is **GRANTED**.

2. Defendants' Motion to Strike Exhibits (ECF No. 49) is **DENIED** as moot.

The District Court Executive is hereby directed to enter this Order, provide copies to the parties, and **CLOSE** the file.

**DATED** this 19th day of November, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION TO DISMISS ~ 7